IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIRECTV INC.,

      Plaintiff,                                No. CIV S-04-2058 MCE GGH

  vs.

CRAIG HANRION,                           <u>ORDER AND</u>
                                              <u>FINDINGS AND RECOMMENDATIONS</u>

      Defendant.
_____/

        Presently before the court is plaintiff's motion for entry of default judgment against defendant Hanrion, filed May 17, 2005.[1] Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following order and findings and recommendations.

<u>BACKGROUND</u>

        On September 30, 2004, plaintiff filed the underlying complaint in this action against defendant Hanrion, alleging defendant purchased and used a pirate access device to permit viewing of plaintiff's direct broadcast satellite system programming, in violation of, <u>inter alia</u>, the Communications Act, 47 U.S.C. § 605(a) and the Federal Wiretap Laws, § 2511(1)(a).

---

[1] The matter was originally scheduled for hearing on July 21, 2005; however, it was vacated after the court determined that a hearing was not necessary. Order, filed July 11, 2005.

1

The complaint alleges defendant Hanrion purchased one Pirate Access Device from Stinky Dave, a "Stinkydave All-in-One Combo." The summons and complaint were served on defendant Hanrion on January 14, 2005. Fed. R. Civ. P. 4(e)(2). Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendant Hanrion has failed to file an answer or otherwise appear in this action. The clerk entered default against defendant Hanrion on February 25, 2005.

Notice of entry of default and the instant motion for default judgment and supporting papers were served by mail on defendant Hanrion at his last known address. Defendant Hanrion did not file an opposition to the motion for entry of default judgment. Plaintiff seeks an entry of default judgment in the amount of $10,000 against defendant Hanrion.

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the complaint state claims for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).

The court is aware of the discrepancy in the relief requested in the complaint in the event of default and the relief requested in the instant motion. The complaint requests, in the event of default, an award of damages pursuant to 47 U.S.C. § 605(e)(4) (The Communications Act) and pursuant to 18 U.S.C. § 2520(c)(2) (The Wiretap Act). Complaint at 6:27-7:1. Section 605(e)(4), however, prohibits manufacture, assembly, modification, import, export, sale or distribution of pirate access devices. It does not apply to possessors or users of pirate devices, such as defendant. Notwithstanding the prayer of the complaint, the instant motion for default judgment requests damages pursuant to 18 U.S.C. § 2520(a), 47 U.S.C. § 605(e)(4), or § 605(a). The complaint prays for 18 U.S.C. § 2520(c)(2) relief as well as relief under 47 U.S.C.§ 605(e)(3)(C)(i)(II) in the event of trial. Complaint at 7:2-3. In any event, 18 U.S.C. § 2520 (a) does permit a private cause of action against users of pirate devices. Compare Directv, Inc., v.

EQ Stuff, Inc., 207 F. Supp. 2d 1077 (C.D. Cal. 2002) (private cause of action against *users* of pirate devices); with Directv v. Amato, 269 F. Supp. 2d 688 (E.D. Va. 2003) (no private cause of action for *possessor* of pirate devices). In a private action against a user of a pirate device, section 2520(c)(2)(B) provides an award of damages in the greater amount of $100 per day or $10,000. Plaintiff seeks an award of $10,000 against defendant Hanrion.

      Whether to award damages under the wiretap law may be discretionary. Compare Nalley v. Nalley, 53 F.3d 649 (4th Cir. 1995); Romano v. Terdik, 939 F. Supp. 144 (D.Conn. 1996); with Menda Biton v. Menda, 812 F. Supp. 283 (D. Puerto Rico 1993) (no discretion).

      The court deems defaulting defendant, by his failure to appear or defend this action, to have waived any objections to the statutory source of the damages prayed for in the instant motion. The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment supports the finding that plaintiff is entitled to the relief requested. There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

    Attorneys' Fees and Costs

      Directv also seeks $2,438 in attorneys' fees, and costs in an undetermined amount. Under 47 U.S.C. § 605(e)(3)(B)(iii), plaintiff is entitled to such fees and costs pursuant to § 605(e)(4). Other than the claimed fees for a hearing which never transpired, the court finds the requested attorneys' fees to be reasonable and grants plaintiff's request in part in the amount of $1,463 ($2,438 less $975 for three hours at a hearing). Plaintiff may submit a bill of costs in accordance with Federal and local rules.

CONCLUSION

      In view of the foregoing findings, IT IS RECOMMENDED that plaintiff's motion for entry of default judgment be GRANTED. Judgment should be rendered in the amount of $10,000 in damages and $1,463 in attorneys' fees against defendant Hanrion.

In addition, IT IS ORDERED that the Clerk of the Court shall serve these findings and recommendations on the defaulting defendant at the address indicated on plaintiff's proof of service of the instant motion.

These findings and recommendations are submitted to the Honorable Morrison C. England, United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/28/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
direct2058.fr.wpd